IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Greenville County School District,  )<br> )<br>Petitioner,  )<br> )<br>v.  )<br> )<br>Maxine Brown-Sartor, *on behalf of* A.B.,  )<br> )<br>Respondent.  )<br> ) | Civil Action No. 6:23-cv-05162-TMC<br><br>**ORDER** |

Plaintiff Greenville County School District ("GCSD") brought this action against Defendant Maxine Brown-Sartor, *on behalf of* A.B. ("Brown-Sartor"), pursuant to the Individuals with Disabilities Education Act ("IDEA"). *See* 20 U.S.C. § 1415(i)(2)(A), (3)(A). Because Brown-Sartor is proceeding *pro se*, this action was referred to a United States Magistrate Judge for the handling of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Now before the court is the Report and Recommendation (the "Report") of the magistrate judge, (ECF No. 29), recommending the court deny Brown-Sartor's motion to dismiss (ECF No. 25) and afford her fourteen (14) days to file an answer to GCSD's complaint. Brown-Sartor filed objections to the Report, (ECF No. 33), and GCSD filed a reply (ECF No. 34). This matter is ripe for review, and a hearing is unnecessary for the court to issue a ruling. *See* Local Civ. Rule 7.08 (D.S.C.).

**I. Background**

Because "[a] motion to dismiss tests the sufficiency of a complaint," this court's evaluation of the sufficiency of a complaint is "generally limited to a review of the allegations of the complaint itself." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016) (internal quotation marks omitted). "In considering a motion to dismiss, the court should accept as true all

well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993).[1] According to the complaint, A.B. is a student with a qualifying disability under the IDEA. (ECF No. 1 at 2). During the 2022 – 2023 school year, GCSD proposed extended school year ("ESY") instruction for the summer of 2023, consisting of one-on-one instruction four days per week, two hours per day, using "techniques and materials that incorporated the use of visualization . . . and customized math lessons also utilizing Achieve 3000, a differentiated, research-based math program during ESY instruction and pre-teaching geometry-related concepts and vocabulary." *Id*. at 3. Brown-Sartor, A.B.'s parent, advocated instead that the ESY instruction use the Lindamood-Bell program and the "Math U See curriculum" five days per week, four hours per day—for a total of 80 hours of instruction. *Id*.

In view of this disagreement, Brown-Sartor demanded a due process hearing to challenge GCSD's proposed plan for ESY services, *see* 20 U.S.C. § 1415(f), arguing GCSD violated the IDEA by failing to use an effective specialized reading and math program during ESY, by failing to provide a sufficient amount of service hours for ESY and by basing the service hours determination on staff availability rather than A.B.'s needs. (ECF No. 1 at 4). A local hearing officer ("LHO") conducted the hearing on June 15 and 16, 2023, and then, on June 19, 2023, issued a decision concluding that GCSD's ESY services plan "was reasonably calculated to enable A.B. to make progress that is appropriate considering her circumstances." *Id*.

---

[1] The Report fully recounts the procedural background and underlying facts of this case for purposes of this motion. To the extent that the Report includes facts not addressed in this order, the court adopts and incorporates the magistrate judge's recitation of the procedural background and underlying facts to which Brown-Sartor has lodged no objection.

Brown-Sartor administratively appealed the LHO's decision to the South Carolina State Department of Education. *Id*. On July 24, 2023, a state review officer ("SRO") issued a decision, upholding "the LHO's determination that [GCSD's] use and choice of curricula, or methodology, was appropriate" but concluding that the LHO incorrectly found that the *amount* of ESY services– 2 hours a day for 4 days a week during the summer—was adequate. *Id*. The SRO determined that the amount of ESY services proposed by GCSD was insufficient and "ordered that [GCSD] pay for 48 hours of compensatory education services and specifically ruled that '[t]he Parent may choose the instructor(s) and the time for these compensatory services just as long as they are: (1) completed within one year of the final decision in this case; (2) for the Student's identified needs in reading, math, and or writing; and (3) at a rate of less than $150 per hour.'" *Id.* at 4–5.

In October 2023, GCSD brought this action for review of the SRO's decision to the extent that the SRO determined that "the amount of ESY instruction required for A.B." was insufficient and that GCSD must provide compensatory education hours." *Id*. at 5; *see* 20 U.S.C. § 1415(i)(2)(A) (providing an aggrieved party, once administrative state procedures are exhausted, may file a civil suit in federal district court). GCSD asserts that the SRO's decision rests on the following errors, among others:

> a. it runs afoul of the burden of proof required under the IDEA and improperly shifts the burden to School District;
>
> b. it improperly applies legal standards for compensatory education;
>
> c. it improperly applies legal standards for free appropriate public education;
>
> d. it improperly gives too much weight to private evaluator reports and recommendations, when Parent provided no credible testimony to support the evaluator's recommendations, and no testimony from the evaluator;
>
> e. it fails to provide appropriate deference to the LHO, who was in a position to observe the testimony and demeanor of the witnesses, including School District personnel involved in the decision-making process and Parents' expert witness, and assess their credibility;

3

> f. it fails to provide appropriate deference to trained and certified educators who testified in the hearing;
>
> g. it includes inconsistencies and ignores important facts and testimony;
>
> h. it arbitrarily and without basis concludes that 48 hours of additional ESY instruction in all areas should have been provided and for which compensatory education at an arbitrary rate of $150 per hour must be provided;
>
> i. the SRO improperly allowed Parent to submit extraneous documents that were not presented during the hearing without properly considering School District's objections.

*Id*. at 5–6. GCSD seeks an order concluding that GCSD's plan for ESY services in the summer of 2023 was appropriate. (ECF No. 1 at 6).

On January 10, 2025, GCSD requested that Clerk of Court enter default against Brown-Sartor under Federal Rules of Civil Procedure Rule 55 (a) on the grounds that she failed to plead or otherwise defend, (ECF No. 10); the Clerk of Court then entered default. (ECF No. 11). Shortly thereafter, however, Brown-Sartor filed a motion to consolidate that action with *Maxine Brown-Sartor on behalf of A.B., a minor child, et al. v. Greenville Country School District et. al*., 6:23-cv-05029-TMC-KFM, ("Case 1") an action Brown-Sartor filed against GCSD—also in October 2023. (ECF No. 13). Brown-Sartor's motion to consolidate did not address the Clerk's entry of default. Accordingly, on February 22, 2024, the undersigned entered a text order, noting that "[p]rior to the filing of the motion to consolidate, [Brown-Sartor] had not appeared, offered a defense or otherwise participated in this this action. Now that [Brown-Sartor] has made an appearance by filing a motion in this action, [Brown-Sartor]'s *pro se* status requires that this action be automatically referred to a United States Magistrate Judge for the handling of all pretrial matters, including Defendant's motion to consolidate." (ECF No. 14).

The magistrate judge denied the motion to consolidate, (ECF No. 20), noting in part:

4

> [A]lthough the matters in the two cases have some overlap, there are not common questions of law and fact. For example, in [the instant case], GCSD seeks appellate review of the due process decision of the SRO finding that GCSD ESY services were inappropriate under the IDEA and resulted in A.B. being denied a [free and appropriate public education ("FAPE")] during the summer of 2023 (doc. 1). As requested relief in [the instant case], GCSD seeks an order reversing parts of the SRO's decision (*id*.). In Case Number 1, on the other hand, Ms. Brown-Sartor and Ms. Benson (who is not a party to the instant action) seek money damages and injunctive relief on A.B.'s behalf for various claims, including: willful gross negligence; conspiracy under 42 U.S.C. § 1985; obstruction under § 1986; defamation/libel based on federal criminal law; embezzlement/theft based on federal criminal law; violations of First, Sixth, Seventh, Eighth, Tenth, Eleventh, and Fourteenth Amendment rights; violations of the Americans with Disabilities Act; violations of various South Carolina Code Sections; and violations of the IDEA. *See Brown-Sartor*, C/A No. 6:23-cv-05029-TMC-KFM, at doc. 1. Additionally, the named defendants in Case Number 1 include GCSD, the South Carolina Department of Education ("SCDOE") as well as GCSD and SCDOE employees/contractors. *Id*. Case Number 1 also appears to assert claims between 2021 and 2023 regarding A.B.'s education. *Id.* [The instant case], as noted, solely involves A.B. being denied a FAPE during the summer of 2023 (doc. 1). As such, as outlined above, although the actions partially overlap, because there are distinct questions of law and fact in each matter, consolidation is inappropriate.

*Id*. at 3–4.

Subsequently, the magistrate judge afforded Brown-Sartor an opportunity to "file a document of no more than five pages showing good cause for her failure to timely file a pleading in response to the . . . complaint" and indicated that "[i]f [Brown-Sartor] shows such good cause, the undersigned will set aside the entry of default and allow [Brown-Sartor] time to file an answer to the complaint." (ECF No. 22).  In response, Brown-Sartor submitted the instant fifteen-page "Good Cause Motion to Dismiss."  (ECF No. 25).  Out of an abundance of caution, the magistrate judge construed the motion as both a motion for relief from default and a motion to dismiss. (ECF No. 28 at 2).  With respect to the issue of default, the magistrate judge entered an order determining that service of process upon Brown-Sartor had been effective but nonetheless set aside the entry of default in light of the court's preference for evaluating cases on the merits and the absence of prejudice to GCSD under the circumstances. *Id*. at 3–4.

5

As for Brown-Sartor's motion to dismiss, the magistrate judge separately entered the Report now before the court, recommending that the court deny the motion to dismiss. (ECF No. 29 at 7). To the extent Brown-Sartor suggests that GCSD did not properly file this action seeking review of the SRO's decision, the magistrate judge disagreed:

> The IDEA provides that after a decision is issued by a SRO, "[a]ny party aggrieved by the findings and decision . . . made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section." 20 U.S.C. § 1415(i)(2). Any action must be brought within 90 days from the date of the decision of the SRO. Id. § 1415(i)(2)(B). Here, GCSD's complaint indicates that the SRO decision being appealed was dated July 24, 2023, and the complaint in this action was filed on October 16, 2023 (doc. 1 at 1–2). Because the complaint in this action was filed within the time period for filing an IDEA appeal, this action was properly filed.

(ECF No. 29 at 6). Accordingly, the magistrate judge recommended the court deny the motion to dismiss and grant Brown-Sartor fourteen (14) days to file an answer to the complaint in this action. *Id*. at 7. Brown-Sartor filed objections to the Report, (ECF No. 33), and GCSD filed a reply (ECF No. 34).

## II. Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those

portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Brown-Sartor is proceeding *pro se*, this court is charged with construing her filings liberally in order to allow for the development of potentially meritorious arguments and claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

### III. Discussion

The court applies a *de novo* standard of review in considering Brown-Sartor's objections. The court briefly addresses each intelligible objection below.

First, throughout her objections, Brown-Sartor essentially seeks to revisit the magistrate judge's February 27, 2024, order denying her motion to consolidate. (ECF No. 20). Brown-Sartor continues to argue that GCSD should have brought this action as a counterclaim in Case 1 rather than as a separate action; stated differently, Brown-Sartor seeks consolidation of this case with Case 1. *See* (ECF No. 33 at 2, 3, 5 and 8). This argument is untimely, and, in any event, the issue of whether these cases should be consolidated is not before the court here. The court overrules this objection.

Next, Brown-Sartor may be complaining about the magistrate judge's rulings on various other non-dispositive motions in Case 1 and another action which she identifies only as "Case #3." *See id*. at 2, 3, 4. This objection is similar to the previous one, and the court rejects it for the same reasons.

Next, Brown-Sartor objects based on what she perceives to be a couple of technical defects. For example, Brown-Sartor states "[t]here are no 'Petitioners' or 'Respondents' in Federal Courts as the magistrate indicated while listing the parties. These terms are strictly used in Administrative hearings in the executive branch of government." *Id.* at 4–5. This is incorrect. Moreover, even if it would have been more technically precise for GCSD to have styled itself as the "Plaintiff" and Brown-Sartor as the "Defendant"—as Brown-Sartor suggests, *see id*. at 5—the court would conclude such a defect is inconsequential and does not constitute a basis for rejecting the Report or dismissing GCSD's claim.

Similarly, Brown-Sartor apparently objects to the reference in the complaint to an "appeal" of the SRO's decision when the statute directs a party "aggrieved" by the SRO's decision to "bring

a civil action" for judicial review. *See* 20 U.S.C. § 1415(i)(2)(A); (ECF No. 33 at 5). Brown-Sartor is indeed correct that a party seeking judicial review in federal district court of a state IDEA decision technically files a civil action, not an appeal. *See Charlotte-Mecklenburg Cnty. Bd. of Educ. v. Brady*, 66 F.4th 205, 211 (4th Cir. 2023) ("An action filed in federal district court pursuant to the IDEA is an original civil action, not an appeal from a state administrative agency.") (internal quotation marks omitted). In this case, however, GCSD's assertion that it is "appeal[ing] the SRO's decision pursuant to 20 U.S.C. § 1415(i)(2)(A), *see* (ECF No. 1 at 2), is a semantic error, not a procedural defect requiring dismissal. GCSD correctly styled its initial pleading commencing this civil action as a "complaint," not a notice of appeal, and cited the applicable statutory provisions governing its claim and giving this court jurisdiction. This objection is wholly without merit, and the court rejects it.

Finally, Brown-Sartor argues that GCSD "failed to provide any claim other than the fact that they did not agree with the State Review Officer Order" and "that the relief owed to the parent causes 'hardship' to the district." (ECF No. 33 at 6–7). The court disagrees. As explained by the magistrate judge, GCSD brought this action for judicial review of the SRO's decision in a timely fashion. (ECF No. 29 at 6). The complaint, as noted above, lists numerous errors allegedly made by the SRO and seeks a determination by this court that GCSD's proposed ESY services plan for A.B. was sufficient to provide a free and appropriate public education. Accordingly, the court overrules this objection.[2] To the extent the Report raises any other objections not expressly addressed in this order, the court rejects them as not directed to the dispositive portions of the Report.

### IV. Conclusion

---

[2] The court further rejects Brown-Sartor's arguments for sanctions. (ECF No. 33 at 7–8).

For the foregoing reasons, the court **ADOPTS** the Report, (ECF No. 29), which is incorporated herein by reference. Accordingly, Brown-Sartor's motion to dismiss, (ECF No. 25), is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
February 18, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.